Gibson. J.
Whether the evidence, if believed, were sufficient to make out a. case on which the plaintiff below could recover, we are, from the manner in which it is stated *n exceptions, unable to say. Possibly it was nots: but it may have been so, and the question is, whether the Court gave a binding direction as to matters of fact ? When the evidence was closed on both sides, the defendant moved for a non-suit, to which the plaintiff refused to submit j and, insisting on his right to go to the jury, prayed a direction, that on the whole case the law was with him. This was refused by the Judge ; who charged, that the law was with the defendant, and that, the verdict should be in his favour. Now this was a positive direction to find in a particular way, at all events, and necessarily left nothing to the jury. We have often had questions of this sort in the country, and have reversed judgments on this ground, when the direction was less positive than in the case before us. It may, however, be justly remarked, that the Judge was probably led into the error, by the very objectionable manner in which the matter was put to the Court by the plaintiff’s counsel, who asked exactly the same sort of direction, in his own favour. A Judge is not bound, nor ought he to be required, to give an opinion, as to the law, on the facts of the whole case. We have already had occasion to remark on the manner in which questions are put, and bills of exceptions taken, *151 in the Court in which this cause was tried, and we shall be glad to see it amended. -
Phillips and f. R. Ingersoll, for the plaintiff in error.
Atherton and A. Levy, for the defendant in error.
Judgment reversed, and a venire facias de novo awarded. '