## SPANGLER *against* HUMMER.

#### IN ERROR.

Where upon the facts, as given in evidence, the plaintiffs might recover, it is error in the court to charge the jury; "If the law is as laid down by the court, the plaintiff has failed in making out his case, and is not entitled to recover."

ERROR to the District Court of *York* county.

It was an action of replevin by *Rudolph Spangler*, against *John Hummer*, brought to recover grain, which the plaintiff claimed as the tenant of one *Herbach*, and which the defendant had taken from the ground where it had been raised by the plaintiff.

It was proved that the grain in dispute was grown on one hundred and thirty acres of land, of which, in eighteen hundred and sixteen, *John Ziegler*, died seised.    On the first of January, eighteen hundred and sixteen, an order issued to *Ziegler's* administrators, to sell this land: it was sold to *John Hummer;* one third of the purchase money to remain a lien upon the land, the interest to be paid to the widow, who was afterwards the wife of *Peter Deerdorf.*    *Hummer* sold to *Hoffman,* under whom *Herbach* came into possession about the year eighteen hundred and twenty-two.

*Peter Deerdorf* and *wife* brought an action of debt, in the District Court, on the lien, for the interest due the widow of *Zeigler* against *John Hummer*, with notice to *Jacob Herbach, terre-tenant,* and obtained judgment thereon.    On this judgment the land was sold, on the twelfth of May, eighteen hundred and twenty-eight, to *Peter Deerdorf,* subject to the widow's dower.    On the sixth of January, eighteen hundred and twenty-nine, *Peter Deerdorf* articled to convey to *John Hummer*, and on the twenty-fourth of May, eighteen hundred and thirty, did convey the land to him.

The plaintiff *Spangler,* proved, that *Jacob Herbach* remained in possession of this land. That during the Summer and Fall of eighteen hundred and twenty-nine, *John Hummer*, was frequently at *Jacob Herbach's* house, eat, and spent evenings there; that *Her-*

*bach,* being destitute of horses, &c. in the fall of eighteen hundred and twenty-nine, prevailed on *Spangler,* the plaintiff, to put out, and seed one of the fields in wheat and rye.    *Spangler* was to haul out the manure, find the seed, put out the grain, and crop it, for which he was to have one half the crop.    The plaintiff complied with this agreement, and put out the crop.    *Spangler* and *Hummer* both lived in the neighborhood, and were acquainted.    The field put out joined the public road.    While *Spangler* was putting out the crop, with his own horses, *Hummer* rode by.    One of the witnesses stated that *Hummer* had an opportunity of knowing *Spangler's* horses.    The field was three hundred yards from *Herbach's* house.    The plaintiff *Spangler,* proved by *Peter Smyser,* that *Smyser* told *Hummer,* in the fall of eighteen hundred and twenty-nine, that *Spangler* was hauling manure, and seeding one of the fields of *Herbach.*    *Hummer* replied "it was better to have something than nothing."    The plaintiff proved that, in eighteen hundred and twenty-nine, *Hummer'* had issued a *venditioni ex ponas,* on a judgment which he had against one *Hoffman,* a former owner of the land, and had the same land struck off to him at sheriff's sale.    That *Herbach* had filed exceptions to the sale, and that, in the fall of eighteen hundred and twenty-nine, it was agreed between the counsel of *Hummer* and *Herbach,* in *Hummer's* presence, that if *Herbach* would withdraw his objections to the sale, he should remain in possession of the land until the first of April, eighteen hundred and thirty.    He did withdraw these exceptions, and the deed was acknowledged.

In the summer of eighteen hundred and thirty, *Hummer* carried away the whole crop put out by *Spangler,* and this action of replevin was brought to recover one half of the crop.

. The court charged the jury—"The plaintiff has put his claim to, the grain, on two grounds: He contends, first, that *Spangler* had put it in as tenant to *Herbach,* on the shares, and was entitled to enter, cut, and carry away his share, when it was ripe.    On this we remark that *Herbach* had no legal right to lease the land to *Spangler,* nor could he, as landlord, convey any right to Spangler, to enter, in the succeeding summer, and take away the produce, the seed of which he sowed in the fall of eighteen hundred and twenty-nine.

2. The plaintiff contends that *Hummer* knew of an agreement between *Herbach* and *Spangler,* that the latter should put out the crop in eighteen hundred and twenty-nine, and have half the produce, that *Hummer* saw *Spangler* ploughing the land, and was told by *Smyser* that *Spangler* was hauling manure into this field, and *Hummer* replied "it was better to have something than nothing;" and there being no evidence that *Spangler* was warned to desist, it is contrary to equity, that *Spangler* should be deprived of his grain.

"On this the court observe, if the evidence was that this agreement was known to *Hummer*, and he assented to it, or in any respect encouraged *Spangler* to plough, and sow this field, *Hummer* would be bound by it, and would be entitled to no more of the grain than the landlord's share, and *Spangler* would be entitled to recover his port on according to the agreement, the knowledge of which was brought home to *Hummer*. But is there any evidence · that *Hummer* knew any thing of such agreement. The court have seen none. There is evidence of the conversations with *Smyser*, and that *Hummer* several times rode by the land when *Spangler* was engaged in the field, and that *Hummer* was often at *Herbach's* house, and on friendly terms with him."

"*If then the law is as laid down by the court, the plaintiff has failed in making out his case and is not entitled to recover.*"

A verdict was given for the defendant and error was assigned: In the court charging the jury that the plaintiff had failed in making out his case, and was not entiled to recover, and that it was necessary to prove the knowledge and assent of *Hummer* to the agreement with *Herbach*."

The cause was argued by ,

*Gardner* and *Lewis* for the plaintiff in error.

*Evans* and *Durkie* contra.

The opinion of the court was delivered by

KENNEDY, J.—The District Court in its charge to the jury, in this case, after noticing the grounds upon which the plaintiff's counsel had contended for a recovery, and recapitulating some parts of the testimony, as well as suggesting the want of it to sustain the plaintiff's claim, concluded by telling the jury that, "if then the law is as laid down by the court, the plaintiff has failed in making out his case and is not entitled to recover." This is complained of here as error, and it does appear to me too, not without reason. For it would rather seem from this part of the charge that if any thing was submitted by the court to the jury, to be decided by them, it was the law, which the court itself ought to have decided; and that the facts of the case, which it was the peculiar province of the jury to have decided, without the controlling direction of the court, were withdrawn from them.

It was the duty of the court to lay down the law to the jury; and although the court said "if the law is as laid down by the court," thus seeming to imply a doubt, whether it was so or not, the jury were bound to receive the law from the court, and to consider it as correctly laid down, and we must presume that the jury did so. This form of submitting the law to the jury, where the court had laid it down correctly in their charge, would not, therefore, I apprehend, be a sufficient ground for reversal. But here, the court

(Spangler *v.* Hummer.)

went further and told the jury that "the plaintiff has failed in making out his case, and is not entitled to recover." "Now this," (as was said by this court in *Jones* v. *Wildes*, 8 *Serg. & Rawle*, 150,) "was a positive direction to find in a particular way at all events, and necessarily left nothing to the jury," and therefore the judgment of the court below, was reversed.

If, however, as was said in the case of *Weidler* v. *The Farmer's Bank of Lancaster*, 11 *Serg. & Rawle*, 141, the state of the evidence and the facts in the cause had been such, that taking all to be true, the plaintiff would not have been entitled in law to recover, the judge of the District Court might have said as he did; because, then, the only question raised would have been one of law, which properly belonged to the court to determine.

But it appears, that among other things, parol evidence was given on the trial, of *Herbach's* having made and filed objections to the sheriff's sale, under which the defendant claimed the land upon which the grain in dispute was grown; that *Herbach* was the tenant in possession of the land, at the time, and that under him *Spangler*, the plaintiff, had sown the land upon the shares, and was to have one third of the grain, which was the part in dispute; that the defendant was told that the plaintiff was seeding the land at the time it was doing, and that afterwards the defendant agreed with *Herbach*, that if he would withdraw his objections to the sale, that he should continue in the possession of the land until the first of April following the sowing of the grain, and that *Herbach* acceded to this, and withdrew his objections, upon which the sale was confirmed to *Hummer*, the defendant: and even previous to all this, some evidence was given of *Hummer's* having been originally the owner of the land, that he sold it to *Hoffman*, and that *Herbach* came into the possession of it under *Hoffman*, and thus indirectly under *Hummer* himself. This evidence in some degree, to say the least of it, tended to prove that *Herback*, under whom the plaintiff cropped the land, and by his agreement was to have the grain in dispute, held the land *quasi* tenant to *Hummer*, the defendant, or by and with his consent, and that *Herbach* was to have the way going crop, and the plaintiff, of course, his right, as a cropper, and it ought, therefore, to have been submitted to the jury, for their consideration, whether the facts seem so or not.

The judgment of the District Court is reversed and a *venire de novo* awarded.